160 So. 546

## ARMSTRONG v. STATE.

### 6 Div. 693.

Court of Appeals of Alabama.
Dec. 18, 1934.

Rehearing Denied Jan. 15, 1935.

J. A. Posey, of Haleyville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The undisputed evidence in this case, as shown by the record, discloses that a fight between this appellant and Jim Glover, the injured party named in the indictment, took place at the home of Andy King on the night of September 17, 1932, where a dancing party was in progress and a large number of people were present. The evidence is also without dispute as to the fact that in said fight Glover was grievously wounded by numerous knife wounds inflicted upon him by appellant. The testimony of the doctor, who attended the injured man, tended to show the wounds were dangerous. In this connection Dr. Blake testified as follows: "I am a practicing physician here in Winston County and have been practicing here since 1907. I know this boy, Jimmie Glover. I remember the occasion of his being brought to my house about midnight when his throat was cut. I examined the wounds and sewed them up. I have seen his throat since it was sewed up. He had a facial artery that was cut. Part of his ear was split open and under here, his throat, I took twenty odd stitches. And I sewed his ear up too. He had a cut place on his breast and I think I took two or three stitches on that. He had a gash on his arm. He had lost a quantity of blood, lost lots of blood. Later on I went back and sewed him up. They brought him back over here next evening and I redressed him and stopped the blood and then I made another trip to see him. He was still bleeding and I called Doctor Tom Snoddy on another trip he bled so much; the blood would not clot was the trouble, so we opened it up and just sewed the blood vessels all together and tied them up and kept him from bleeding, sewed it up so it could not bleed. I considered it a bad cut."

The grand jury indicted appellant for assault with intent to murder at the September term, 1932, of the circuit court. He was tried at the spring term, 1934, of said court, and was found guilty of assault with intent to murder, as charged in the indictment; whereupon the court adjudged him guilty accordingly, and sentenced him to serve an indeterminate term of imprisonment in the penitentiary of not less than four years and not more than six years. From the judgment of conviction this appeal was taken.

■ Able counsel for appellant earnestly insists that the court erred in refusing charge No. 1 to the defendant. This charge is the general affirmative charge in favor of the defendant. We are at a loss to understand an insistence of this nature. The evidence in this case has been read in full. It is in hopeless conflict. That for the state tending to make out every element of the offense against the defendant as charged in the indictment. That for the defendant tending to show that he acted in self-defense. There is no phase of this case which entitled the defendant to a directed verdict. A jury question was presented, and, where this is true, it is not within the province of the court to order that the defendant should be acquitted. The court therefore properly refused charge 1.

Charge 2 was also properly refused. This charge is not only argumentative; it is also confused. Moreover, the court in its excellent oral charge properly instructed the jury as to every phase of the law governing a case of this character, including a full and explicit explanation as to the law of self-defense.

■ Refused charge 3, which it seems undertakes to deal with the phase of the moon on the night of the alleged felonious assault, was properly refused. The evidence on this question was in conflict, and a charge of this character would tend to lay stress upon and give undue emphasis to that part of this testimony offered by the defendant and against that offered by the prosecution. The court, without objection, permitted the defendant to offer in evidence the "Ladies' Birthday Almanac for the year 1932," and from the record, "showing what time the moon set." Furthermore, if the ruling of the court in this connection was error, a reversal would not be predicated thereon, as the court is satisfied no injury resulted therefrom to the defendant.

The ruling of the court upon the admission of evidence complained of is so clearly free from reversible error, a discussion of this insistence is deemed unnecessary.

The state insisted, on the trial below, that the accused was the aggressor throughout, and that he not only fought willingly, but from his conduct on that occasion precipitated and brought on the difficulty upon which this prosecution was based. In this connection the state offered evidence of numerous unimpeached and apparently disinterested witnesses whose testimony tended to make out, as hereinabove stated, the state's case as charged in the indictment. Contra, the court allowed the defendant every opportunity to show otherwise. The court and jury saw and heard the witnesses testify, noted their demeanor upon the stand, and, from the viewpoint we take of this case, as a result of an attentive consideration of the entire evidence,

it was ample to sustain the verdict of the jury as rendered.

We find no error in the record, nor in any ruling of the court upon the trial. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.

### On Rehearing.

 Appellant insists there was error in the court's ruling in sustaining the state's objection to his question on cross-examination of state's witness King, when he was asked: "Did you see Armstrong and Armstrong's sister talking in the house?" There was no error in this ruling. There is nothing in the question tending to show that the matter inquired about was part of the res gestæ. No time was mentioned, and, unless the answer sought could shed some light upon the transaction complained of, it would be inadmissible and irrelevant. It was the duty of counsel to apprise the court, or to so frame his question as to the time the alleged conversation occurred; otherwise the court could not know whether it had any bearing whatever upon the matters under inquiry. But if this was not true, and error had prevailed in the ruling complained of, this court would not predicate a reversal in the face of the overwhelming testimony which tended to show appellant by his words and acts brought on the difficulty and fought willingly and admittedly inflicted the grievous wounds on Glover, upon which this prosecution was based. It is very evident to this court that the accused was accorded a fair and impartial trial throughout, and that no adverse ruling of the trial judge erroneously affected the substantial rights of the defendant.

The application for rehearing is overruled.